[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION TO STRIKE JURY CLAIM
The plaintiff has filed this motion seeking to have this matter stricken from the inventory of cases ready for assignment for a trial by jury and to have it proceed as a trial to the court on its currently scheduled date of July 27, 1999. Its claim is based exclusively on an on-the-record conversation before Judge Downey during the course of the resolution of an Application for a Pre-judgment remedy in this matter earlier this year. The agreement reached during that proceeding basically called for certain funds to be held in escrow, for the pleadings to be closed promptly, and for a trial to commence on June 8, 1999. That trial was subsequently continued to July 27, 1999.
Coral II's then counsel[1] then should have known, in the general context of the way in which cases are scheduled for trial in New Haven, that the court would virtually never schedule a jury trial in June of the same year in which the case had been filed, and that any agreement by counsel to do so would never have been given effect because it would have been unfair to literally thousands of cases filed two, three, four, five and more years previously that have still not risen to the top of the inventory of cases ready to be assigned for jury trial. Such an agreement would have been given effect by the court only if it had contemplated a non-jury trial.
Despite what should have been obvious to the defendant's former counsel, however, to be an effective relinquishment of the right to a jury trial, any purported waiver must be explicit. The one in this case was not; the word "jury" was not even mentioned in the on- the-record proceedings before Judge Downey, and there has been no suggestion that there was an explicit waiver in any-off-the record discussions among counsel.
The plaintiff reads the following comments by Judge Downey, in the presence of counsel and several representatives of the defendant, as an agreement to "try the case to a specific judge on a specific date:" The Court: "OK. So we will continue this to June 8th for a trial on the merits of the case-in-chief . . . and CT Page 11321 we will block out the 8th and 9th to cover that." (Transcript of proceedings before Judge Downey on March 29, 1999, p. 63)
It is true that this language suggests the possibility of an agreement for a court trial,[2] but even if defendant's then counsel thought that it was such an agreement, this oblique reference is hardly the basis for a conclusion, in the absence of a specific discussion of court versus jury, that the defendant itself understood that it was knowingly relinquishing the right to a jury trial. There is no basis for the conclusion that the defendant believed or had any reason to believe that the trial scheduled before Judge Downey was to take place without a jury.
The motion to strike the jury claim is therefore denied
Jonathan E. Silbert, Judge